UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| NOEL D., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | No. 4:17-CV-5154-JTR <br><br> ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 12, 13. Attorney D. James Tree represents Noel D. (Plaintiff); Special Assistant United States Attorney Justin Lane Martin represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 3. After reviewing the administrative record and briefs filed by the parties, the Court **GRANTS** Defendant's Motion for Summary Judgment and **DENIES** Plaintiff's Motion for Summary Judgment.

## JURISDICTION

On November 13, 2013, Plaintiff filed an application for Supplemental Security Income, alleging disability since August 17, 2008, due to traumatic brain

ORDER GRANTING DEFENDANT'S MOTION . . . - 1

injury, seizure disorder, learning disability, back injury and depression. Tr. 153, 170. Plaintiff's application was denied initially and upon reconsideration.

Administrative Law Judge (ALJ) Gordon W. Griggs held a hearing on April 7, 2016, Tr. 39-60, and issued an unfavorable decision on April 28, 2016, Tr. 20-34. The Appeals Council denied review on July 25, 2017. Tr. 1-6. The ALJ's April 2016 decision thus became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on September 28, 2017. ECF No. 1.

## STATEMENT OF FACTS

The facts of the case are set forth in the administrative hearing transcript, the ALJ's decision, and the briefs of the parties. They are only briefly summarized here.

Plaintiff was born on January 4, 1991, and was 17 years old on the alleged onset date, August 17, 2008. Tr. 153. He completed the eleventh grade in school, taking special education classes, and had not earned a GED at the time of the administrative hearing. Tr. 45, 49-50.

Plaintiff's disability report indicates he has never worked and believes his condition(s) became severe enough to keep him from working on August 17, 2008. Tr. 170. However, he testified he worked as a helper on a construction job in 2015, Tr. 46-47, 163, and had also performed a couple of weeks of janitorial work, Tr. 47-48. Moreover, in March of 2014, he reported to examining psychologist Lynn M. Orr, Ph.D., that he worked at Dish Network from July 2011 to January 2012 and was laid off from that job because he was incarcerated. Tr. 447.

Plaintiff testified he had pain in his lower back, upper back and both legs/knees. Tr. 51. Nevertheless, he stated he believed he could perform a job eight hours a day, five days a week, if it was not too difficult and did not require heavy lifting. Tr. 51-52. Although he described himself as a slow learner and forgetful, he testified he felt he could work if provided enough training. Tr. 52.

Plaintiff reported to Dr. Orr that he had a history of methamphetamine abuse until March 12, 2013. Tr. 445. He has reportedly been clean since that time. Tr. 446.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through

four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that the claimant can perform other jobs present in significant numbers in the national economy. *Batson v. Commissioner of Social Sec. Admin.*, 359 F.3d 1190, 1193-1194 (2004). If a claimant cannot make an adjustment to other work in the national economy, a finding of "disabled" is made. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

**ADMINISTRATIVE DECISION**

On April 28, 2016, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since the disability application date, November 13, 2013. Tr. 22.

At step two, the ALJ determined Plaintiff had the following severe impairments: pseudo-seizures partially controlled with medication; lumbosacral sprain with mild degenerative changes of the lumbar spine; gastroesophageal reflux disease (GERD); anxiety disorder; cognitive disorder, NOS; learning disorder, NOS; alcohol dependence in remission; amphetamine dependence in remission; and borderline intellectual functioning. Tr. 22.

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. Tr. 23.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and determined he could perform medium exertion level work with the following

///

///

1 | limitations: he should never climb ladders, ropes, or scaffolds; he could occasionally stoop; he could frequently kneel, crouch and crawl; he was limited to occasional concentrated exposure to extreme heat, very loud noise levels, vibrations, and pulmonary irritants such as dusts, fumes, odors, gases and poor ventilation; he should avoid hazardous working conditions such as proximity to unprotected heights, moving machinery, open water, hot surfaces and sharp objects; and he was limited to tasks that could be learned in thirty days or less, involving no more than simple work-related decisions and few workplace changes. Tr. 25.

At step four, the ALJ determined Plaintiff had no past relevant work. Tr. 32.

At step five, the ALJ determined that based on the testimony of the vocational expert, and considering Plaintiff's age, education, work experience and RFC, Plaintiff could perform other jobs present in significant numbers in the national economy, including the jobs of agricultural produce packer, assembler, agricultural produce sorter and hand packager. Tr. 32-33. The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from November 13, 2013, the disability application date, through the date of the ALJ's decision, April 28, 2016. Tr. 34.

**ISSUES**

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards. Plaintiff contends the ALJ erred in this case by (1) failing to provide specific and legitimate reasons for discounting the examining medical opinions of Lynn M. Orr, Ph.D., and Jan M. Kouzes, Ed.D.; and (2) discrediting Plaintiff's symptom testimony without providing specific, clear and convincing reasons to do so. ECF No. 12 at 1.

///

///

# DISCUSSION[1]

**A.     Medical Opinion Testimony**

Plaintiff first asserts the ALJ erred by failing to provide legally sufficient reasons for discounting the examining medical opinions of Lynn M. Orr, Ph.D., and Jan M. Kouzes, Ed.D.  ECF No. 12 at 6-14.

In a disability proceeding, the courts distinguish among the opinions of three types of acceptable medical sources:  treating physicians, physicians who examine but do not treat the claimant (examining physicians) and those who neither examine nor treat the claimant (nonexamining physicians).  *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996).  An examining physician's opinion is given more weight than that of a nonexamining physician.  *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004); *Lester*, 81 F.3d at 830.  In weighing the medical opinion evidence of record, the ALJ must make findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989).  Moreover, the ALJ is required to set forth the reasoning behind his or her decisions in a way that allows for meaningful review.  *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) (finding a clear statement of the agency's reasoning is necessary because the Court can affirm the ALJ's decision to deny benefits only on the grounds invoked by the ALJ).  "Although the ALJ's analysis need not be extensive, the ALJ must provide

---

[1]In *Lucia v. S.E.C.*, 138 S.Ct. 2044 (2018), the Supreme Court recently held that ALJs of the Securities and Exchange Commission are "Officers of the United States" and thus subject to the Appointments Clause.  To the extent Lucia applies to Social Security ALJs, the parties have forfeited the issue by failing to raise it in their briefing.  *See Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (the Court will not consider matters on appeal that were not specifically addressed in an appellant's opening brief).

some reasoning in order for us to meaningfully determine whether the ALJ's conclusions were supported by substantial evidence." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103 (9th Cir. 2014).

The ALJ reviewed the medical and other evidence in the file, analyzed the testimony, and determined Plaintiff had the RFC to perform medium exertion level work but, in addition to postural and environmental restrictions, was limited to tasks that could be learned in thirty days or less, involving no more than simple work-related decisions and few workplace changes. Tr. 25. The Court finds the credible evidence of record supports the ALJ's RFC determination in this regard. *See infra*.

### 1. Lynn M. Orr, Ph.D.

Dr. Orr performed a psychological evaluation of Plaintiff on March 25, 2014. Tr. 445-450.

Dr. Orr, reviewed the record, interviewed Plaintiff, performed a mental status examination and concluded as follows:

> Results from the Wechsler Adult Intelligence Scale, Fourth Edition, indicate he is functioning currently in the borderline range. Results from the Wechsler Memory Scale, Fourth Edition, indicate some significant memory problems, especially in the area of Visual Memory, Immediate Memory, and Delayed Memory. Noel will have significant difficulty with academic training or other training that includes complex instructions. Options occupationally will need to be simple, repetitive, and have an absence of complex information or instructions. He should be capable of doing basic, simple tasks. He will need some type of compensatory methods, however, to deal with the weakness in memory and learning. His ability to use reasoning in assessing situations and solve problems is below average. He was, with relatively simple materials, able to maintain sustained concentration and persistence. Socially he is involved and demonstrates reasonably good social skills. Adaptation will be below average given his limitations.

Tr. 450.

The ALJ gave significant weight to most of Dr. Orr's opinion, concluding that Dr. Orr's opinion that Plaintiff could do simple tasks was consistent with the doctor's findings on exam and with Plaintiff's reported daily activities. Tr. 30. The ALJ found Dr. Orr's assessed cognitive, memory and reasoning limitations limited Plaintiff to work tasks that could be learned in thirty days or less with no more than simple work decisions.[2] Tr. 30. However, the ALJ specifically accorded "little weight" to Dr. Orr's opinion that Plaintiff would need some type of compensatory method to deal with his weakness in memory and learning. Tr. 30. The ALJ indicated the doctor's finding in this regard was "vague" and noted Dr. Orr also determined Plaintiff did not have difficulty sustaining concentration on simple materials. Tr. 30, 450. The ALJ found Plaintiff's actual functioning suggested Plaintiff did not need compensatory methods for work. Nevertheless, the ALJ held that Dr. Orr's assessment of Plaintiff's weakness in memory and learning was considered and accounted for when limiting Plaintiff to work learned in thirty days or less. Tr. 30.

First, Dr. Orr did not provide guidance or describe specific compensatory methods that would assist Plaintiff's memory and learning in the workforce. Consequently, the Court agrees with the ALJ that Dr. Orr's determination that Plaintiff would need compensatory methods is vague. *Matney v. Sullivan*, 981 F.2d 1016, 1020 (9th Cir. 1992) (concluding that ambiguities and inconsistencies within a doctor's opinion provided specific and legitimate reasons for the ALJ to

---

[2]This opinion is in accord with the mental residual functional capacity assessment completed by state agency consultant Bruce Eather, Ph.D. on July 15, 2014. Tr. 88-90. Dr. Eather, consistent with the opinion of psychological consultant John Robinson, Ph.D., Tr. 71-72, found Plaintiff capable of understanding and remembering simple, routine tasks and work like procedures and performing such tasks on a consistent basis. Tr. 31, 88-90.

reject the opinion). Dr. Orr's opinion that Plaintiff would need some type of compensatory method to deal with his weakness in memory and learning is also internally inconsistent because Dr. Orr determined Plaintiff did not have difficulty sustaining concentration and persistence on simple materials. Tr. 450; *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (holding that the existence of internal inconsistencies within a physician's opinion constitutes a specific and legitimate reason for the ALJ to reject that physician's opinion concerning the claimant's functional limitations); *Johnson v. Shalala*, 60 F.3d 1428, 1432-33 (9th Cir. 1995) (holding that the ALJ may disregard a physician's opinion when it is internally inconsistent). Finally, Plaintiff's daily activities, including navigating public transportation, using the computer to look for work, successfully registering for GED classes which he attended at a community college on a daily basis, enjoying painting and construction type work, and reading and playing video games for hours, were inconsistent with Dr. Orr's assessed need for compensatory methods. In any event, the assessed limitation was ultimately accounted for in the ALJ's RFC determination; the ALJ addressed any deficits in Plaintiff's memory and learning by limiting Plaintiff to work learned in thirty days or less. Tr. 30.

  The Court finds the ALJ's analysis with respect to Dr. Orr's opinion was sufficient. *See Magallanes v. Bowen*, 881 F.2d 747, 753 (9th Cir. 1989) ("It is not necessary to agree with everything an expert witness says in order to hold that his testimony contains 'substantial evidence.'" (*quoting Russell v. Bowen*, 856 F.2d 81, 83 (9th Cir. 1988))). The ALJ's interpretation was based on substantial evidence, and he supported his findings with specific and legitimate reasoning.

  **2. Jan M. Kouzes, Ed.D.**

  On July 15, 2013, Dr. Kouzes completed a psychological/psychiatric evaluation of Plaintiff. Tr. 360-364.

  Dr. Kouzes checked boxes indicating Plaintiff had marked limitations in the following basic work activities: understanding, remembering and persisting in

tasks by following detailed instructions; performing activities within a schedule, maintaining regular attendance, and being punctual within customary tolerances without special supervision; communicating and performing effectively in a work setting; and completing a normal work day and work week without interruptions from psychologically based symptoms. Tr. 362.

The ALJ assigned little weight to Dr. Kouzes' report. Tr. 27-28. The ALJ indicated the opinion was inconsistent with Dr. Kouzes' essentially normal examination findings and Plaintiff's ability to engage in a wide range of activities. The ALJ further noted Dr. Kouzes expected the limitations to last for only six months, Tr. 363, which does not meet the 12-month durational requirement of the Social Security Act. Tr. 28.

Dr. Kouzes' mental status exam findings reflect Plaintiff's eye contact was good, he was alert, his motor activity was unremarkable, he was cooperative, his mood was appropriate and described by Plaintiff as "I usually feel happy, content," his affect was euthymic, and his thought process and content, orientation, perception, memory, fund of knowledge, concentration and abstract thought were all within normal limits. Tr. 363-364. Accordingly, as indicated by the ALJ, Dr. Kouzes' mental status exam was basically normal with an appropriate mood, intact memory and normal concentration. Tr. 27. Dr. Kouzes' assessed marked limitations were thus inconsistent with his own essentially normal examination findings. *See Tommasetti*, 533 F.3d at 1041 (holding that the existence of internal inconsistencies within a physician's opinion constitutes a specific and legitimate reason for the ALJ to reject that physician's opinion concerning the claimant's functional limitations).

With respect to Plaintiff's wide range of daily activities, Plaintiff's ability to navigate public transportation, use the computer to look for work, successfully register for GED classes which he attended at a community college on a daily
///

basis, enjoy painting and construction type work, and read and play video games for hours, is also inconsistent with Dr. Kouzes' assessed marked limitations.

In addition, as indicated by the ALJ, Dr. Kouzes opined that Plaintiff's symptoms would only last a total of six months. Tr. 363. Therefore, as concluded by the ALJ, Tr. 28, the limitations assessed by Dr. Kouzes would not meet the 12-month durational requirement of the Act. *See* 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A) (an individual shall be considered disabled if he has an impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months).

Based on the foregoing, the Court finds the ALJ provided specific and legitimate reasons, supported by substantial evidence, for according little weight to the opinions of Dr. Kouzes.

Having thoroughly reviewed the ALJ's evaluation of the medical evidence, the Court finds that the ALJ's RFC determination was based on substantial evidence and free of legal error.

**B.     Plaintiff's Symptom Testimony**

Plaintiff also challenges the ALJ's finding that Plaintiff was not entirely credible, Tr. 27. ECF No. 12 at 14-20.

It is the province of the ALJ to make credibility determinations. *Andrews*, 53 F.3d at 1039. However, the ALJ's findings must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

///

In this case, the ALJ found Plaintiff's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms; however, Plaintiff's statements concerning the intensity, persistence and limiting effects of those symptoms were not entirely consistent with the medical and other evidence of record. Tr. 27.

The ALJ first indicated Plaintiff's alleged seizure symptoms were not supported by the objective medical evidence of record and were generally controlled with medication. Tr. 27-29.

A lack of supporting objective medical evidence is a factor which may be considered in evaluating an individual's credibility, provided it is not the sole factor. *Bunnell v. Sullivan*, 347 F.2d 341, 345 (9th Cir. 1991) (Once a claimant produces objective medical evidence of an underlying impairment, an adjudicator may not reject the claimant's subjective complaints based solely on a lack of objective medical evidence to fully corroborate the alleged severity of pain.); *Robbins v. Soc. Sec. Admin.*, 466 F3d 880, 883 (9th Cir. 2006) (An ALJ may not make a negative credibility finding "solely because" the claimant's symptom testimony "is not substantiated affirmatively by objective medical evidence.").

In addition, the effectiveness of medication in alleviating symptoms is a relevant factor to consider in evaluating the severity of a claimant's claim. 20 C.F.R. § 416.929(c)(3)(iv); *Morgan v. Comm'r of Social Sec. Admin.*, 169 F.3d 595, 600 (9th Cir. 1999) (an ALJ may properly rely on a report that a plaintiff's mental symptoms improved with the use of medication); *Odle v. Heckler*, 707 F.2d 439, 440 (9th Cir. 1983) (impairments controlled by treatment cannot be considered disabling).

When Plaintiff reported to medical providers with seizures in July 2013, he was not taking his prescribed anti-seizure medications at that time. Tr. 27, 294. The physical examination was normal and he was restarted on the anti-seizure medication Lamictal. Tr. 27, 294, 345-347. As noted by the ALJ, Plaintiff readily

admitted that when he was noncompliant with his anti-seizure medications he would have a "spell." Tr. 27, 345. At Plaintiff's July 15, 2013, Psychological/Psychiatric Evaluation with Dr. Kouzes, Plaintiff stated he would rarely have problems with seizures if he could just get back on his anti-seizure medication. Tr. 27, 32, 360. On November 4, 2013, Plaintiff reported taking Lamictal without any negative side effects, but he was still not taking it as prescribed. Tr. 28, 341. His medication regimen was revised, Tr. 342, and, as indicated by the ALJ, Plaintiff's medical records are then notable for a lack of any ongoing complaints of seizure activity, suggesting the condition was largely medically manageable, Tr. 29.

The foregoing medical evidence demonstrates that Plaintiff's seizures were adequately controlled with medication and suggests Plaintiff did not have greater functional limitations as a result of his reported seizure activity than as assessed by the ALJ in the RFC determination.

The ALJ next noted Plaintiff alleged a busy school schedule and social calendar prevented him from obtaining a job, not debilitating physical and/or mental limitations. Tr. 27, 360.

The inability to work due to nondisability factors is a valid basis for rejecting a claimant's credibility. *Bruton v. Massanari*, 268 F.3d 824, 828 (9th Cir. 2001) (stating that in making a credibility determination, the ALJ did not err by considering that claimant left his job because he was laid off, rather than because he was injured).

The record reflects Plaintiff was laid off from his work at Dish Network in 2012 because he was incarcerated. Tr. 447. Plaintiff reported in July 2013, "[t]he main reason I am not working today is because I can't get a job. I could maybe do stocking or be a floor runner. My schedule is really busy right now because I am trying to get my GED . . . and I am going to start treatment through DoC [sic]. Also, I play softball with Special Olympics and it would interfere with working in

the pm." Tr. 27, 360. At the administrative hearing on April 7, 2016, Plaintiff testified he could perform a job eight hours a day, five days a week, if it was not too difficult, it did not require heavy lifting, and he was provided enough training. Tr. 51-52.

The ALJ properly discounted Plaintiff's credibility on the basis that it appeared he was not working for reasons unrelated to his alleged disabling impairments.

The ALJ next stated that Plaintiff's activities of daily living showed greater functional abilities than as alleged by Plaintiff. Tr. 27, 32.

It is well-established that the nature of daily activities may be considered when evaluating credibility. *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). While one does not need to be "utterly incapacitated" to be disabled, *id.*, it was proper for the ALJ to find Plaintiff's reports of activities such as navigating the public transportation system to attend school daily (community college GED classes, Monday through Friday, 12 to 2), completing household chores, eating dinner and socializing with his fiancé and her parents, looking for jobs online and watching television, Tr. 27, 360-361, as well as reading and playing video games for hours, skateboarding, playing softball and walking everywhere, Tr. 30, 31, 448, were inconsistent with the debilitating limitations he alleged[3] and thus detracted from his overall credibility. *See Smith v. Comm'r Soc. Sec. Admin*., 611 Fed. Appx. 897, 900 (9th Cir. 2015) (affirming the ALJ's adverse credibility

---

[3]Plaintiff alleges disability since August 17, 2008, due to traumatic brain injury, seizure disorder, learning disability, back injury and depression, Tr. 170, and indicated on his disability function report that he could hardly lift any weight without his back going into spasm and that seizures prevented him from holding a job, Tr. 206. Furthermore, on November 19, 2013, Plaintiff reported daily symptoms of debilitating anxiety, first occurring in 2001. Tr. 492.

determination and noting the ALJ found the claimant's testimony was contradicted by "her own description of helping with" the "care of children" and household chores); *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) (affirming the ALJ's adverse credibility determination and noting that the claimant's claim of disability was undermined by testimony about her daily activities, such as "attending to the needs of her two young children," cooking, and shopping); *see also Molina v. Astrue*, 674 F.3d 1104, 1113 (9th Cir. 2012) ("Even where [a claimant's daily] activities suggest some difficulty functioning, they may be grounds for discrediting the claimant's testimony to the extent that they contradict claims of a totally debilitating impairment.").

The ALJ is responsible for reviewing the evidence and resolving conflicts or ambiguities in testimony. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson v. Perales*, 402 U.S. 389, 400 (1971). The Court has a limited role in determining whether the ALJ's decision is supported by substantial evidence and may not substitute its own judgment for that of the ALJ even if it might justifiably have reached a different result upon *de novo* review. 42 U.S.C. § 405(g). After reviewing the record, the Court finds that the ALJ provided clear and convincing reasons, which are fully supported by the record, for discounting Plaintiff's subjective complaints. Accordingly, the ALJ did not err by finding Plaintiff's symptom allegations were not entirely credible in this case.

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is supported by substantial evidence and free of legal error. Accordingly, **IT IS ORDERED:**

1. Defendant's Motion for Summary Judgment, **ECF No. 13**, is **GRANTED**.

///

2. Plaintiff's Motion for Summary Judgment, **ECF No. 12**, is **DENIED**.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Defendant and the file shall be **CLOSED**.

DATED September 11, 2018.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE